CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2011

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OTIS H. HAYES JR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:11-cv-00200 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| KIK CUSTOM PRODUCTS, | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

This is a *pro se* action for employment discrimination by plaintiff Otis Hayes Jr., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006), against his employer, KIK Custom Products ("KIK"), with supplemental jurisdiction over three state law claims: intentional infliction of emotional distress, invasion of privacy, and false light. KIK has moved to dismiss Hayes's invasion of privacy and false light claims because Virginia does not recognize those torts, and it has moved to dismiss his intentional infliction of emotional distress claim because the facts he has pled do not support it.[1] Because Virginia does not recognize common law claims for invasion of privacy or false light, the court dismisses those claims.[2] The

---

[1] On September 19, Hayes asked the court to delay ruling on KIK's Rule 12(b)(6) motion. Hayes repeated this request on October 3, 2011 in his "objection to notice of hearing." The court declines to do so because Hayes's stated reason for the delay—outstanding discovery requests—are not material to KIK's 12(b)(6) motion.
  Hayes has also made two motions to compel discovery. In the first, filed on September 19, 2011, Hayes states that on September 14, 2011, he served on KIK interrogatories and a request for production of documents. He further states that as of September 18, 2011, he had not received any responses on the matter. The motion was premature in that the parties had not completed the required Rule 26(f) discovery conference. However, the matter is now moot because KIK has provided answers to Hayes's discovery requests. Hayes's October 3, 2011 motion to compel was likewise premature. On future matters such as these, the court refers Hayes to this court's scheduling order, entered on July 26, 2011, and to Rules 26 and 37 of the Federal Rules of Civil Procedure.

[2] Hayes argues that the "heart" of his complaint is a discrimination claim and that the remaining causes of action "in essence are like additional icing on the cake." He argues that these causes of action should be "differentiated . . . by the consequences and not the particular name of the tort." While the court gives a liberal construction to the pleadings of *pro se* litigants, see Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009), district courts are not required to "conjure up questions never squarely presented to them," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

court takes the issue of the adequacy of Hayes' intentional infliction claim under advisement until Hayes can be heard on the matter.

## I.

The facts, stated briefly and presented in the light most favorable to Hayes, are these. Hayes alleges that KIK supervisors and other employees created an offensive, hostile, humiliating, and discriminatory work environment at KIK. His colleagues commonly made racist jokes at work and referred to him derisively as "boy." One employee played a racist message aloud from his mobile phone, and another sent an image to Hayes' suggestive of a lynching. Hayes asserts that KIK supervisors subjected African American employees to unwarranted criticisms and uneven performance standards and tolerated the offensive conduct of his coworkers. This work atmosphere led to Hayes being suspended without pay from his position at KIK for making mistakes that his white coworkers made routinely without retribution. Before his current suspension, Hayes was suspended for an alleged involvement in a scheme to steal bleach from KIK—a scheme in which he was eventually cleared of all wrongdoing and to which he claims his only connection was sharing the skin color of the guilty party. Since his suspension, KIK has allegedly spread falsehoods about the circumstances under which Hayes was suspended that insinuated that he was a criminal, a liar, and incompetent.

## II.

Hayes first claims that KIK failed "to keep [his] personal matters . . . confidential" and is therefore liable under Virginia common law for the tort of invasion of privacy. Virginia recognizes a form of invasion of privacy in Va. Code Ann. § 8.01-40. This statute prohibits the invasion of privacy by unauthorized use of a person's likeness for advertising or trade, but Virginia courts have limited claims for invasion of privacy to the specific terms of the statute.

See Va. Code Ann. § 8.01-40(A) (2011); WJLA-TV v. Levin, 564 S.E.2d. 383, 395 n.5 (Va. 2002). In other words, Virginia courts do not recognize a common law cause of action for invasion of privacy. See Rutledge v. Town of Chatham, No. 4:10cv00035, 2010 WL 4791840, at *7 (W.D. Va. Nov. 18, 2010) ("Virginia has no common law cause of action for invasion of the right to privacy."); Cohen v. Sheehy Ford of Springfield, Inc., No. 108305, 1992 WL 884552, at *2 (Va. Cir. Ct. Mar. 2, 1992) ("The Court declines [the] invitation to establish a general common law cause of action for invasion of privacy where the Supreme Court of Virginia has yet to recognize such a cause of action."). Hayes has not alleged that KIK used his name or likeness in connection with trade or advertising, and because he has not done so, he has failed to state a claim on which relief can be granted. Accordingly, the court dismisses his invasion of privacy claim.

### III.

Hayes next claims that KIK tortiously placed him in a false light by disseminating rumors about him suggesting that he was a criminal and that he was dishonest, lazy, and incompetent. Like Hayes's invasion of privacy claim, he has alleged a violation of tort law not recognized by Virginia courts. See Levin, 564 S.E.2d. at 395 n.5 ("The common law torts of invasion of privacy are (1) unreasonable intrusion upon the plaintiff's seclusion, or solitude, or into his private affairs; (2) public disclosure of true, embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) misappropriation of plaintiff's name or likeness for commercial purposes. By codifying *only the last of these torts*, the General Assembly has implicitly excluded the remaining three as actionable torts in Virginia.") (emphasis added) (citation omitted); see also Aitken v. Commc'ns Workers of Am., 496 F. Supp. 2d 653, 656 n.1 (E.D. Va. 2007) ("[F]alse light is not an actionable tort in

3

Virginia.") (citing Levin, 564 S.E.2d at 395 n.5).  There being no viable cause of action in Virginia for false light, the court dismisses the claim.

V.

Because the torts of invasion of privacy and false light are not recognized by Virginia, the court grants KIK's motion and dismisses those claims.  The court takes under advisement KIK's challenge to the adequacy of Hayes' claim for intentional infliction of emotional distress.  Therefore, and in accordance with this memorandum opinion, it is hereby **ORDERED** and **ADJUDGED** that the defendant's motion to dismiss the plaintiff's state-law claims is **GRANTED** as to invasion of privacy and false light.

ENTER: This October 14, 2011.

_____
UNITED STATES DISTRICT JUDGE